IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| RALPH JAMES MITCHELL,<br><br>Plaintiff,<br><br>vs.<br><br>LUCY ELIZABETH MITCHELL,<br>et al.<br><br>Defendants. | CIVIL NO. 13-00310 DKW RLP<br><br>**ORDER DISMISSING COMPLAINT, AND DENYING AS MOOT PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION, AND MOTION FOR TEMPORARY RESTRAINING ORDER** |

**ORDER DISMISSING COMPLAINT, AND DENYING AS MOOT
PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION,
AND MOTION FOR TEMPORARY RESTRAINING ORDER**

**INTRODUCTION**

Before the Court are Plaintiff pro se Ralph James Mitchell's

("Plaintiff") Objections to Findings and Recommendation to Deny Plaintiff's

Application to Proceed without Prepayment of Fees ("Objections"), filed July 8,

2013, and Motion for Temporary Restraining Order ("Motion for TRO"), filed on

July 31, 2013.   For the reasons set forth below, the Court DENIES Plaintiff's

1

Motion for TRO, DENIES Plaintiff's OBJECTIONS as moot, and DISMISSES Plaintiff's Complaint with leave to amend. Plaintiff is GRANTED until September 27, 2013 to file an amended complaint.

## BACKGROUND

On June 21, 2013, Plaintiff filed his Complaint and Application to Proceed Without Prepayment of Fees. The Complaint names as defendants Lucy Elizabeth Mitchell ("Ms. Mitchell"), Everett Cuskaden, and Judge Bode Aule.[1] Although the Complaint is not clear, it appears that Plaintiff is the defendant and Ms. Mitchell is the plaintiff in a pending divorce proceeding in the Family Court of the First Circuit, State of Hawaii, *Mitchell v. Mitchell*, FC-D No. 12-1-1806 ("family court case"). As best the Court can discern, Mr. Cuskaden represents Ms. Mitchell in the family court case before Judge Uale. Plaintiff disagrees with the family court's selection of a realtor to oversee the sale of real property, and asks this Court to find that defendants violated his rights under the United States Constitution. The Complaint alleges that:

> The Judge in this case (FC-D No. 12-1-1806) act[s] as if he has a personal and private relationship with Defendant[']s Attorney as well as the Realtor involved with the Listing Agreement.

---

[1] It does not appear that Plaintiff has served the Complaint or any other pleadings in this matter on any of the defendants.

> . . . .
> The Judge in this case stated that the Realtor, named by him, will be the Realtor who will List and sell my Apartment and ALL parties can proceed without my Listing Agreement signature within 48 hours.   This will be done over my objections and without my participation, even though I'm the rightful owner.
> . . . .
> It is believed that the Defendant[']s Attorney, [t]he Judge as well as the Realtor involved have a person[al] and private relationship and it is being used to deprive me of my Constitutional Rights as a Land Owner.
> I am asking the Federal Courts to act on behalf of the U.S. Constitution and plain ole Fairness.

Complaint at 1.   No further information is given with respect to the nature of the family court case, the actions taken by any defendant, or the injury suffered by Plaintiff.

Plaintiff's Application to Proceed Without Prepayment of Fees indicates that his income exceeds the poverty threshold for a single person in Hawai'i.   On June 25, 2013, the magistrate judge entered his Findings and Recommendation to Deny Plaintiff's Application to Proceed Without Prepayment of Fees.   Plaintiff's Objections indicate that his expenses are higher than initially reported in his Application to Proceed Without Prepayment of Fees because his ex-wife has refused to make any payments on their joint debts, including for the property at issue in the family court case.

On July 31, 2013, Plaintiff filed his Motion for TRO seeking an injunction. It states that the "rejected Realtor" is conducting open houses and changed the lock on the front door "thereby keeping [Plaintiff] from entering [his] Own Apartment." Motion for TRO at 1. He contends that Ms. Mitchell is attempting to sell the property before the instant federal case is adjudicated. He asks the Court to order the realtor to change the locks and allow Plaintiff access to the unit, and to reimburse Plaintiff $200.00, which he paid to have the locks changed back. *Id.*

On August 12, 2013, Plaintiff filed another request to stop the marketing and sale of the property. He states that:

> the Plaintiff in this case and the Attorney as well as the Realtor, named Gerald Takasaki are moving ahead with trying to sell Apartment 804 in Discovery Bay. Fact is the price has been reduced I guess this is to consummate a quick sale with the hope that the Federal Courts won't intervene. . . . I am now asking the Court to issue an order stopping all activities at 1778 Ala Moana Blvd, Apt 804 until the Courts can take a look at what is being done to my Constitutional Rights as well as Property Rights. . . . Please issue the Order stopping ANY AND ALL MATTERS dealing with the sale of my Apartment.

8/12/13 Letter at 1.

## **DISCUSSION**

Pursuant to 28 U.S.C. § 1915(e), the Court subjects every *in forma pauperis* proceeding to mandatory screening and orders the dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim).

Plaintiff is proceeding pro se, therefore, the Court liberally construes his pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Nevertheless, the Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule]

5

12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. Cal.*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."). Additionally, where the Court does not have federal subject matter jurisdiction, claims may be dismissed *sua sponte*. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

Reviewing the Complaint, Motion for TRO and other correspondence from Plaintiff, the Court finds that Plaintiff fails to state a claim upon which relief can be granted. First, to the extent Plaintiff seeks to collaterally attack orders or procedural rulings in the family court case, this federal court is without jurisdiction to review the Family Court's decisions. This Court may not exercise appellate jurisdiction over state court decisions. Under the *Rooker-Feldman* doctrine (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), collectively referred to as *Rooker-Feldman*), "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District

Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction to conduct direct reviews of state court judgments even when a federal question is presented. Jurisdiction is lacking even if the state court decision is challenged as unconstitutional. Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then seek review in the Supreme Court.

The *Rooker-Feldman* doctrine, however, does not apply to a general constitutional challenge that does not require review of a final state court decision in a particular case. *See Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001). Plaintiff does not bring such a challenge here. Rather, he asks the Court to block or overturn judicial determinations in the family court case. Plaintiff appears to request that this Court intervene in the family court-supervised sale of his property pursuant to a contested divorce proceeding involving Plaintiff and Ms. Mitchell. That is, the present action is essentially an attempt by Plaintiff to have this Court review and overturn family court decisions. The Court is without jurisdiction to act upon such a request.

Additionally, to the extent Plaintiff seeks to enjoin ongoing family court case proceedings, the Court lacks authority to do so. The Anti–Injunction Act provides that a federal court "may not grant an injunction to stay proceedings in a State court" unless such an injunction is (1) expressly authorized by Act of Congress, (2) necessary in the exercise of the federal court's jurisdiction, or (3) necessary to protect or effectuate its judgments. 28 U.S.C. § 2283. The three exceptions to the Anti–Injunction Act are construed narrowly, and any doubts as to the propriety of a federal injunction are resolved in favor of letting the state action proceed. *Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063, 1068 (9th Cir. 1996). The Court notes, however, that, to the extent Plaintiff alleges a violation of his federal constitutional rights pursuant to 42 U.S.C. § 1983, the Anti–Injunction Act does not apply. *Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972).

Next, the Court turns to Plaintiff's constitutional claims. To the extent Plaintiff alleges a violation of his federal rights under 42 U.S.C. § 1983, he fails to state a claim as currently set forth in his various pleadings. To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Parties can seek

relief under § 1983 against persons acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Persons" covers "state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities." *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996). Plaintiff has not alleged how Ms. Mitchell or her attorney acted under the color of state law, and as discussed below, Judge Uale is immune from suit. In order to state a § 1983 claim against a private party for the conduct of a state official, a plaintiff must allege that the private party exercised some control over the state official's decision. *Franklin v. Fox*, 312 F.3d 423, 445–46 (9th Cir. 2002) (citing *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir.1986)). Plaintiff fails to do so here.

Moreover, Plaintiff does not sufficiently allege a violation of any federally protected right. He complains that he objected to the family court's selection of the realtor to sell Plaintiff's property and that he refused to sign the listing agreement. Plaintiff, however, does not identify the basis of his purported federal right to select a realtor to list his property for sale when the property is to be sold pursuant to a pending divorce proceeding. To be clear, Plaintiff does not object to the sale of the property, but objects to the realtor selected by the family court to list the property. Plaintiff does not allege that his property has been taken

without compensation or that he has been deprived of substantive due process. As such, he fails to state a claim for violation of his Fifth Amendment rights, and fails to allege any other basis for his § 1983 claim. Accordingly, Plaintiff fails to state a claim under § 1983.[2] It does not appear that there is any other claim for relief or basis for jurisdiction satisfactorily set forth in the Complaint.

Finally, with respect to Plaintiff's claims against Judge Uale, judicial immunity bars such claims. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts

---

[2] In any event, under the doctrine of abstention articulated in *Younger v. Harris*, 401 U.S. 37, 91 (1971), this Court would not interfere in the pending family court case. Four requirements must be met for *Younger* to apply: (1) a state court-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Here, Plaintiff seeks to enjoin a pending state proceeding, in which recognized state interests are at stake. "Family relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979). Under the "domestic relations exception," federal courts are divested of power to issue divorce, alimony, and child custody decrees. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Finally, the third and fourth requirements for *Younger* abstention exist in this case. Plaintiff has been and still is afforded an adequate opportunity to present his constitutional claims in the state proceeding. State courts are as competent as federal courts to decide federal constitutional issues. *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir.1986). The requested injunction here would effectively enjoin the ongoing family court proceeding.

committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages." *Mireless v. Waco*, 502 U.S. 9, 11 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."). All of the allegations against Judge Uale relate to conduct undertaken in his judicial capacity as part of the family court case and are barred by the doctrine of judicial immunity.

The Court understands that Plaintiff is frustrated by the family court's selection of a realtor to list the property over his objection. This Court, however, is without jurisdiction to intervene in the family court case, and Plaintiff otherwise fails to state a claim for relief that this Court can grant. Having screened the Complaint, the Court DISMISSES the Complaint and DENIES Plaintiff's Motion for TRO and Objections as moot. Plaintiff is GRANTED leave to file an amended complaint as follows:

If Plaintiff chooses to file a first amended complaint, Plaintiff must write short, plain statements identifying: (1) the constitutional or statutory right Plaintiff believes was violated; (2) the name of the defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of

that defendant is connected to the violation of Plaintiff's rights; (5) what specific injury Plaintiff suffered because of that defendant's conduct; and (6) the basis for this court's jurisdiction. *See Rizzo v. Goode,* 423 U.S. 362, 371–72 (1976). Plaintiff must repeat this process for each person or entity that he names as a defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. Any cause of action not raised in the first amended complaint is waived. *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff's claims against Judge Uale involving conduct undertaken in the judge's judicial capacity are DISMISSED WITH PREJUDICE. Plaintiff may not re-allege these claims in any amended complaint.

## **CONCLUSION**

On the basis of the foregoing, the Court DENIES Plaintiff's Motion for TRO, DENIES Plaintiff's OBJECTIONS as moot, and DISMISSES the Complaint.

Plaintiff is GRANTED LEAVE TO AMEND his Application and his Complaint as set forth in this Order.  By **September 27, 2013**, Plaintiff must:

1. File the first amended complaint; and

2. Either file an amended application to proceed *in forma pauperis* or pay the filing fee.

Failure to comply with both of these requirements by **September 27, 2013** will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI'I, August 23, 2013.

Derrick K. Watson
United States District Judge

Mitchell v. Mitchell, et al.; Civil No. 13-00310 DKW RLP; ORDER DISMISSING COMPLAINT, AND DENYING AS MOOT PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION, AND MOTION FOR TEMPORARY RESTRAINING ORDER